# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHYLLIS MASCIO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

NOW COMES the Plaintiff, Phyllis Mascio, by her attorneys, Law Office of Lesa S. Kiefer, and for her Complaint against Loyola University Medical Center, states as follows:

## JURISDICTION

1. This action arises pursuant to Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 et seq. ("ADEA").

2. This Court has jurisdiction pursuant to 29 U.S.C. 626 et seq. of the ADEA.

3. Plaintiff is a resident of Chicago, Illinois and is a citizen of the State of Illinois.

4. On information and belief, the Defendant is a not for profit Illinois corporation doing business in Maywood, Illinois.

5. At all times relevant to this complaint, Defendant was engaged in an industry affecting commerce as defined by Section 11(b) of the ADEA 29 U.S.C. 630(b).

6. At all times relevant, Defendant has employed 20 or more employees. The defendant was and is, therefore, an employer within the meaning of the ADEA, 29 U.S.C. 630(b).

1

## ADMINISTRATIVE PREREQUISITES

7. On or about August 22, 2008, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which was cross-filed with the Illinois Department of Human Rights ("IDHR"). The charge alleged discrimination on the basis of age. A true and complete copy of the charge of discrimination is attached hereto as Exhibit A.

8. Plaintiff is informed and believes that the EEOC or the IDHR sent notices of these charges to defendant and that the defendant has received notice of same.

9. On January 12, 2011, the EEOC issued a Notice of Right to Sue letter on Plaintiff's charge of discrimination which was received by Plaintiff's counsel on March 3, 2011. A copy of that letter is attached hereto as Exhibit B.

10. The EEOC, the Plaintiff and a representative of defendant have had an opportunity to participate in conciliation of the chares during the period of time that the charge has pended with both agencies, without reaching agreement.

11. The EEOC has not filed suit concerning the matters described in the charge.

## COUNT I

### DISCRIMIANTION BASED ON AGE

12. Plaintiff was hired by the Defendant on February 19, 2001 as a service Representative.

13. In March 2008, Plaintiff complained about the stalking and threatening behavior of a younger co-worker which was witnessed by other co-workers.

14. On April 25, 2008, the younger co-worker was moved to a different department. On the following Monday, all of Plaintiff's items were stolen off of her desk. Plaintiff reported this incident to management, but, on information and belief, management never took any steps to investigate the theft.

15. Shortly thereafter, Plaintiff was suspended for alleged unprofessional behavior and using profanity at work, actions in which she did not engage. Additionally, management did not provide Plaintiff with details in regard to these incidents. Moreover, Plaintiff was never warned verbally or in writing about any similar behavior in the past.

16. On June 16, 2008, Plaintiff was terminated for allegedly not speaking to a different co-worker and other allegations made by this younger co-worker. However, management never made any attempt to verify whether this younger co-worker's statement were true and accurate. Subsequently, this younger co-worker received Plaintiff's position with the Defendant.

17. Plaintiff was disciplined and subsequently terminated based on her age (DOB: 8/8/56), in violation of the Age Discrimination in Employment Act.

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Enjoin Defendant from discriminating on the basis of age in the terms and conditions of employment of its employees;

B. Award, against Defendant and in favor of Plaintiff actual damages for loss of revenue, including back pay, incurred by the Plaintiff as a result of the discrimination against her;

C. Award, against the defendant and in favor of Plaintiff, compensation for the loss of benefits resulting from her termination;

D. Award Plaintiff liquidated damages as provided by the ADEA;

E. Award Plaintiff reasonable attorney fees and other costs incurred by this action; and

F. Award Plaintiff such other and further relief as may be equitable and just.

## JURY DEMAND

18. Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Lesa Struck Kiefer
Lesa S. Kiefer, attorney appearing on behalf of Plaintiff, Phyllis Mascio

Lesa S. Kiefer
Law Office of Lesa S. Kiefer
130 North Cuyler Avenue
Suite 200
Oak Park, IL 60302
(708) 386-9791

CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA  [X] EEOC  440-2008-07879

Agency(ies) Charge No(s):

Illinois Department Of Human Rights and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Phyllis Mascio | (773) 589-2382 | 08/08/56 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3329 N. Paris Avenue | Chicago, IL 60634 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Loyola Medical Center | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2160 S. 1st Avenue | Maywood, IL 60153 |

AUG 2 2 2008

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest    Latest

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Loyola Medical Center on February 19, 2001 as a Service Representative. In March 2008 I complained about the stalking and threatening behavior of a co-worker which was witnessed by other co-workers. On April 25, 2008, this co-worker moved to a different department. The following Monday all of my items were stolen off of my desk. I reported this to management, but on information and belief, management never took any steps to investigate this incident. Shortly thereafter, I was suspended for alleged unprofessional behavior and using profanity at work, which I did not do, nor did management provide me details with the specific incidents that I was being accused of. Moreover, I was never warned verbally or in writing about any similar behavior in the past.

On June 16, 2008 I was terminated for allegedly not speaking to a different co-worker and other statements made by this younger co-worker. However, management made no attempt to verify whether this younger co-worker's statements were true and accurate. Subsequently, this younger co-worker received my position with Loyola.

I believe that I was terminated based on my age (DOB: 8/8/56) in violation of the Age Discrimination in Employment Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

8/19/08  Phyllis Mascio
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

5

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Phyllis Mascio**
c/o Lesa S. Kiefer, Esq.
Kimmel & Kiefer, P.C.
130 North Cuyler Avenue
Suite 200
Oak Park, IL 60302

From: **Chicago District Office**
500 West Madison St
Suite 2000
Chicago, IL 60661

CERTIFIED MAIL 7010 1870 0001 8432 6013 CP ATTY

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-07879 | Carol Milazzo, Investigator | (312) 353-7453 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**John P. Rowe,**
District Director

(Date Mailed)

cc:

**LOYOLA UNIVERSITY MEDICAL CENTER**

6